IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

ELLIS CENALES                                                                    PLAINTIFF

v.                                               CIVIL ACTION NO. 1:25-cv-00123-TBM-BWR

HARRISON COUNTY SHERIFFS OFFICE, et al.                          DEFENDANTS

**MEMORANDUM OPINION AND ORDER OF DISMISSAL**

This matter is before the Court *sua sponte* on *pro se* Plaintiff Ellis Cenales's failure to comply with Court Orders. Plaintiff is an inmate housed at the Harrison County Adult Detention Center in Gulfport, Mississippi. [1], p. 1. His claims arise under 42 U.S.C. § 1983. [1], p. 1.

Plaintiff has moved for leave to proceed *in forma pauperis*, but his application is incomplete. [2], pp. 1-2. On April 28, 2025, the Court ordered Plaintiff as follows:

> [O]n or before May 28, 2025, plaintiff shall either pay the required $350.00 . . . filing fee plus a $55.00 . . . administrative fee or file a complete application for leave to proceed *in forma pauperis*, including the section entitled 'Certificate to Be Completed by Authorized Officer' of prison accounts or file an affidavit specifically stating the name of the prison official contacted concerning the Certificate and why this information is not provided to this court.

[3], p. 1 (emphasis omitted). Plaintiff was warned "that his failure to comply with the requirements of this order may lead to the dismissal of his complaint." [3], p. 1. That Order [3] was mailed to Plaintiff at his last-known mailing address, and it was not returned to the Court as undeliverable. Plaintiff did not comply with the Court's Order [3] by the May 28 deadline.

On June 11, 2025, the Court ordered Plaintiff to show cause why this case should not be dismissed for his failure to comply with the Court's Order. [4], p. 1. Plaintiff's responsive deadline was extended to June 25, 2025, and he was warned again "[t]hat failure to timely comply with the requirements of this Order or to advise the Court of a change of address . . . may lead to dismissal

of Plaintiff's Complaint without further notice to him." [4], p. 2. The Order to Show Cause [4], with a copy of the Court's April 28 Order [3], was mailed to Plaintiff at his last-known mailing address, and it was not returned to the Court as undeliverable. Plaintiff did not comply with the Court's Order to Show Cause [4] by the June 25 deadline.

On July 8, 2025, the Court entered a Second and Final Order to Show Cause [5], directing Plaintiff to "explain why this case should not be dismissed for failure to comply with the Court's Orders [4] [3]." [5], p. 2. Plaintiff was ordered to file a written response on or before July 22, 2025. [5], p. 2. Plaintiff was also ordered, on or before the July 22 deadline, to comply with the Court's April 28 Order [3] "by following the instructions outlined therein." [5], p. 2. Plaintiff was warned again "[t]hat failure to timely comply with the requirements of this Order or to advise the Court of a change of address . . . *__will lead__* to dismissal of Plaintiff's Complaint without further notice to him." [5], p. 2 (emphasis in original). Plaintiff was cautioned that this was his "final opportunity to comply with the Court's Orders [4] [3]." [5], p. 2. The Second and Final Order to Show Cause [5], with a copy of the Court's April 28 Order [3] and June 11 Order [4], was mailed to Plaintiff at his last-known mailing address, and it was not returned to the Court as undeliverable.

Plaintiff has not complied with the Second and Final Order to Show Cause [5], and he has not communicated with the Court about his lawsuit since April 28, 2025—the day he filed his Complaint. This inaction is despite being warned four times that a failure to comply with the Court's orders may lead to the dismissal of his case. *See* [1-1], p. 1; [3], p. 2; [4], p. 2; [5], p. 2.

The Court may dismiss an action for Plaintiff's failure to prosecute under Federal Rule of Civil Procedure 41(b) and the Court's "'inherent power' . . . to manage [its] own affairs." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31, 82 S. Ct. 1386, 8 L.Ed.2d 734 (1962); *see also McCullough*

*v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). "The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases." *Fauzi v. Royal Hospitality Services, LLC*, No. 1:14-cv-83-HSO-RHW, 2016 WL 3166581, at *2 (S.D. Miss. Jun. 6, 2016) (citing *Link*, 370 U.S. at 630). "Such a 'sanction is necessary to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars' of the Court." *Id*. (quoting *Link*, 370 U.S. at 630-31). In this case, lesser sanctions than dismissal have not prompted "diligent prosecution" but have instead "proved to be futile." *See Tello v. Comm'r of Internal Revenue*, 410 F.3d 743, 744 (5th Cir. 2005) (quoting *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992)).

Since Plaintiff has failed to comply with three Court Orders [5] [4] [3], the Court finds that this case should be dismissed without prejudice under Federal Rule of Civil Procedure 41(b) for failure to prosecute and for failing to respond to a Court order.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that this matter is **DISMISSED WITHOUT PREJUDICE**.

**THIS, the 22nd day of August, 2025.**

**TAYLOR B. McNEEL**
**UNITED STATES DISTRICT JUDGE**